NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2760
_____

BRIAN GRANT; CHENEL GRANT; MARTIN PRIBUSH;
DIANE PRIBUSH; BENJAMIN M. COHAN; ROBERT PINTO;
BONNIE PINTO; LEONARD SCHONFELD; MORRIS SEAVEY;
LARRY KALINER; LOIS KALINER, and all persons similarly situated,
Appellants

v.

DARRYL T. TURNER, Individually and d/b/a Dream Vacations International, Inc.;
ALLEN BERNSTEIN; JACKIE BORK; FIVE POINTS TRAVEL COMPANY;
DESTINATION VACATIONS INTERNATIONAL;
DREAMWORKS VACATION CLUB;
VACATION TRAVEL CLUB, INC.; BENTLEY TRAVEL;
BLUEGREEN VACATIONS CLUB, INC.;
FIA CARD SERVICES, d/b/a Bank of America;
RESORT CONDOMINIUMS INTERNATIONAL, LLC;
DREAMWORKS VACATIONS; DREAMWORKS;
MODERN DESTINATIONS UNLIMITED;
VACATIONS CLUBS, LLC, d/b/a La Bonne Vie Travel;
TONY MARINELI; ZACH VAIHINGER;
CARL SAVAGE; ERIC SHUMAN, JOHN DOES 1 through 100
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-09-cv-02381)
District Judge: Honorable Garrett E. Brown, Junior
_____

Submitted Under Third Circuit LAR 34.1(a)
November 13, 2012

Before:  RENDELL, FUENTES and CHAGARES, Circuit Judges

_____

OPINION OF THE COURT

_____

RENDELL, <u>Circuit Judge</u>.

Plaintiffs in this putative class action appeal from the District Court's dismissal of their Complaint for failing to meet the heightened pleading requirement under Rule 9(b) of the Federal Rules of Civil Procedure. For the reasons stated below, we will affirm the District Court's dismissal as to the Defendants Vacation Travel Club and FIA Card Services, and vacate and remand as to the remaining Travel Club Defendants.

## I. Background

### 1. Facts

In May 2009, a group of putative class action Plaintiffs brought suit against various individual and corporate Defendants, alleging that those Defendants were involved in creating and perpetuating fraudulent travel clubs ("Travel Club Defendants").[1] Plaintiffs alleged that the Travel Club Defendants swindled Plaintiffs and those similarly situated by convincing Plaintiffs to buy memberships in various

---

[1] The "Travel Club Defendants" include Darryl T. Turner, Allen Bernstein, Jackie Bork, Zach Vaihinger, Eric Shuman, Destination Vacations International, Inc., Five Points Travel, Dreamworks Vacation Club, Dreamworks Vacations, Dreamworks, Bentley Travel, Modern Destinations Unlimited, Dream Vacations International, Inc., La Bonne Vie Travel, and Vacation Travel Club ("VTC"). Only Defendant VTC has filed a brief in opposition to Plaintiffs' appeal.

travel clubs and then never delivering the benefits that Plaintiffs were promised. Plaintiffs also allege that, as part of the scheme, otherwise legitimate credit card companies provided "point of sale" financing for the sale of memberships in the Travel Club Defendants' bogus travel clubs ("Credit Card Defendants").[2] Plaintiffs' Complaint made claims under RICO, alleging that the predicate "racketeering activity" was mail fraud within the meaning of 18 U.S.C. § 1341 and wire fraud within the meaning of 18 U.S.C. § 1343, as well as various state law claims.

According to Plaintiffs, the Travel Club Defendants sold memberships in their respective clubs and promoted "exclusive and substantial discounts for travel-related services," but those "promised discounts and other rewards simply do not exist." (Second Amended Compl. ("SAC") ¶ 2.[3]) To promote their services, the Travel Club Defendants "circulated mailings through the U.S. mail . . . [that] contain false promises of free rewards and/or benefits, such as free airline tickets, free car rentals, or free gas cards." (*Id.* at ¶ 43.) Plaintiffs offer several examples in which each of the named Plaintiffs received a mailing from the Travel Club Defendants that offered a gift. The mailings directed the recipient to call a toll free number to claim the gift, and promised that if the recipient called the number within 72 hours, he or she would receive a bonus

[2] The "Credit Card Defendants" include FIA Card Services, N.A., RCI, LLC, and Bluegreen Vacations Club, Inc. On October 26, 2011, Plaintiffs voluntarily dismissed Bluegreen, and on November 4, 2011, Plaintiffs filed a motion to dismiss RCI and Bluegreen from the case. Thus, the only remaining Credit Card Defendant is FIA.

[3] We cite allegations from the Second Amended Complaint, which, as we detail below, the District Court dismissed as lacking in sufficient specificity.

prize. (*Id.* at ¶¶ 45-50.) The Plaintiffs then called the phone numbers as instructed, and were told that in order to claim their rewards, they would need to attend a sales presentation. (*Id.* at ¶ 51.) None of the Plaintiffs who attended the sales presentations received the rewards, however. (*Id.* at ¶ 52.) Instead, Plaintiffs received certificates and vouchers that had to be submitted to various third-party providers who "required that the certificates and vouchers be submitted according to an elaborate set of procedures which made the 'free' travel rewards unobtainable and anything but free." (*Id.* at ¶ 53.)

Additionally, at the sales presentations, the Travel Club Defendants promised Plaintiffs a variety of free trips and travel services in return for their purchase of "Travel Club" memberships, such as a free all-inclusive trip to Mexico, a free condominium stay, or a free cruise aboard a Celebrity or Royal Caribbean cruise line. (*Id.* at ¶ 65.) At the sales presentations, Plaintiffs were also told that by purchasing a membership, they would be entitled to a variety of travel-related services at substantially discounted prices not available to the general public. (*Id.* at ¶ 72.) However, the Plaintiffs who agreed to purchase the membership did not receive any of the free incentives promised. Rather, they received certificates and vouchers that had to be submitted to third-party vendors, who in turn required that the certificates and vouchers be submitted according to an elaborate set of procedures. (*Id.* at ¶¶ 66-71.) Furthermore, several Plaintiffs were not able to book travel through the websites

4

operated by the Travel Club Defendants, and/or were able to find better deals on wholly separate websites. (*Id.* at ¶¶ 73-82.)

Plaintiffs also allege that part of the Travel Club Defendants' scheme was to involve "otherwise ostensibly legitimate business entities" – including the Credit Card Defendants – to "lend an air of legitimacy to the fraudulent operations of the Travel Club Defendants." (*Id.* at ¶ 4.) Plaintiffs claim that the Credit Card Defendants operated in conjunction with the Travel Club Defendants by providing "point of sale" credit card financing to prospective victims of the fraud. (*Id.*) Indeed, Plaintiffs allege that several Plaintiffs who purchased membership to the travel clubs did so only because any doubts about the clubs were assuaged by the legitimacy of the participating Credit Card Defendants, such as FIA Card Services, d/b/a Bank of America. (*Id.* at ¶ 89.) Some Plaintiffs called to dispute charges or obtain refunds, and as a result, Plaintiffs allege that they were aware of the fraud. (*Id.* at ¶ 72.)

## 2. Procedural Background

The case was originally assigned to Judge Greenaway in 2009. After considering motions to dismiss filed by various Defendants, Judge Greenaway found that Plaintiffs had failed to meet the heightened pleading standard under FRCP 9(b), for several reasons, including because "throughout the Complaint, Plaintiffs use a shotgun method to accuse all Defendants . . . of the same misconduct in violation of the RICO statute." (App. 18.) Judge Greenaway added that Plaintiffs failed to specify the dates on which the promotional mailings were received, when telephone calls were

5

made, when and where sales presentations were held, or when Plaintiffs attempted to take advantage of the supposed benefits of travel club memberships. Accordingly, Judge Greenaway dismissed the Complaint without prejudice on March 15, 2010.

Plaintiffs subsequently amended their Complaint, providing more detail and attaching contract documents drawn up by the Travel Club Defendants. The case was then transferred to Chief Judge Brown, who noted that Plaintiffs had "substantially increased the specificity of some of their allegations" (App. 19) but required Plaintiffs to file a RICO Case Statement to supplement the pleadings. In the RICO Case Statement, Plaintiffs reiterated much of the same information alleged in the SAC and further allege that "[t]he sales agents and/or employees of the Travel Club Defendants carefully refer to themselves by their first names only." (App. 103.) Shortly after Plaintiffs filed their RICO Case Statement, Defendants again filed motions to dismiss.

Concluding that Plaintiffs still had not met the heightened pleading standard under Rule 9(b) in pleading the predicate acts based on fraud, Chief Judge Brown dismissed Plaintiffs' SAC against all Defendants. Plaintiffs' timely appeal is currently before us. Plaintiffs urge that (1) the District Court erroneously dismissed Plaintiffs' Complaint for failing to meet the pleading standard under Rule 9(b), and (2) the District Court erroneously dismissed Plaintiffs' RICO conspiracy claim.

## II. Standard

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we now have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a district court's grant

6

or denial of a Rule 12(b)(6) motion to dismiss is plenary. *In re Merck & Co. Sec. Litig.*, 432 F.3d 261, 266 (3d Cir. 2005). Federal Rule of Civil Procedure 12(b)(6) calls for dismissal if a complaint "fail[s] to state a claim upon which relief can be granted." In this case, Federal Rule of Civil Procedure 9(b) creates heightened pleading requirements for allegations of fraud, requiring the plaintiff to "state with particularity the circumstances constituting fraud."

### III.  Discussion

### 1.  RICO Claim

To state a viable RICO claim under 18 U.S.C. § 1962(c), a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 362 (3d Cir. 2010) (citing *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004)). A pattern of racketeering activity requires a pleading of at least two predicate acts of racketeering. *Lum*, 361 F.3d at 223. Because in this case, the predicate acts are mail and wire fraud, Plaintiffs must meet the heightened pleading requirement of Rule 9(b), which states that "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The purpose of the heightened pleading requirement in 9(b) is to "place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants from spurious charges of immoral and fraudulent behavior." *Seville Indus. Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 791 (3d Cir. 1984). Thus, conclusory allegations are not sufficient to withstand Rule 9(b). Instead,

7

plaintiffs are required to "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (quoting *Lum*, 361 F.3d at 223-24). This requires a plaintiff to plead the date, time, and place of the alleged fraud, or otherwise inject precision into the allegations by some alternative means. *Id.*

After considering Plaintiffs' SAC as well as the RICO Case Statement, the District Court granted Defendants' motions and dismissed the case. The District Court concluded that the SAC and the RICO Case Statement did not meet the Rule 9(b) pleading standard for the predicate acts based on fraud. Specifically, the District Court found that "by lumping all [the Travel Club Defendants] together and naming them as a group, each defendant has not been properly or sufficiently placed on notice of the exact nature of the claims asserted, as these claims apply to each defendant." (App. 20.) The Court then dismissed Plaintiffs' RICO conspiracy claims. Because the District Court found that the claims against the Travel Club Defendants must be dismissed, it also dismissed the claims against all other movants. The District Court also declined to exercise jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' state law claims.

While we agree with the District Court that Plaintiffs failed to meet the heightened pleading standard with regard to Defendants VTC and FIA Card Services, as Plaintiffs have not specifically alleged how either party played a role in committing

8

the predicate acts of fraud, we believe that it is a closer call with regard to the remaining Travel Club Defendants. Although Plaintiffs do not allege who, specifically, made misrepresentations to whom in all cases, they include many other details to "inject precision or some measure of substantiation into [their allegations of fraud]." *Frederico*, 507 F.3d at 200. Examining the allegations set forth in the SAC, it is clear that the Travel Club Defendants were "on notice of the precise misconduct with which they [were] charged." *Seville*, 742 F.2d at 791. Furthermore, particularly in a case like this, where Plaintiffs allege that Defendants deliberately concealed the identities of salespeople and agents, Plaintiffs simply cannot allege *who*, in particular, made the misrepresentation absent discovery. Given the closeness of this question, and the fact that the Travel Club Defendants did not file a brief in response to Plaintiffs' appeal, we believe that Plaintiffs' claims should be allowed to proceed in the District Court against the remaining Travel Club Defendants.

Accordingly, we will affirm the District Court's ruling as to VTC and FIA Card Services and will vacate and remand as to the remaining Travel Club Defendants.

### 2. RICO Conspiracy

The District Court dismissed Plaintiffs' RICO conspiracy claim under 18 U.S.C. § 1962(d) because it found that Plaintiffs had failed to adequately plead predicate acts to form the basis of a RICO claim under § 1962(c). To state a RICO conspiracy claim under § 1962(d), "a plaintiff must allege (1) agreement to commit the predicate acts of fraud, and (2) knowledge that those acts were a part of a pattern of racketeering activity

9

conducted in such a way as to violate section 1962 (a), (b) or (c)." *Rose v. Bartle*, 871 F.2d 331, 366 (3d Cir. 1989) (quoting *Odesser v. Cont'l Bank*, 676 F. Supp. 1305, 1312 (E.D. Pa. 1987)).

Because we find that Plaintiffs adequately plead predicate acts of fraud against the Travel Club Defendants, as discussed above, we will reverse the District Court's dismissal of Plaintiffs' RICO conspiracy claims against the Travel Club Defendants. However, Plaintiffs' SAC makes no allegation that the Credit Card Defendants agreed to commit the predicate acts of mail and wire fraud. Therefore, the RICO conspiracy claim was appropriately dismissed as to FIA Card Services. Furthermore, by grouping VTC together with the Travel Club Defendants, Plaintiffs do not adequately allege that VTC itself agreed to commit the predicate acts of fraud, nor do they adequately allege knowledge that the acts were part of a pattern of racketeering activity. Accordingly, we will affirm the District Court's dismissal of Plaintiffs' RICO conspiracy claims against FIA Card Services and VTC, but vacate and remand as to the remaining Travel Club Defendants.

## IV. Conclusion

For the foregoing reasons, we will affirm the District Court's grant of Defendants' motions to dismiss as against VTC and FIA Card Services, and will vacate and remand as to the remaining Travel Club Defendants.

10